# Murphy *v.* Dyer, Appellant.

*Trial—Charge—Portion of sentence—Assignment of error.*

1. Where a part of a sentence is complained of as error, but it appears that the part not quoted properly qualifies the part specified and it also appears that the court in a portion of the charge preceding the sentence, and in an answer to a point, fully, clearly and properly states the law, the judgment will not be reversed.

*Negligence—Master and servant—Fall of trestle—Question for jury.*

2. In an action by a foreman against his employer to recover damages for personal injuries, where plaintiff claims that the proximate and efficient cause of the accident was the defective construction of the trestle, while the defendant alleges that the plaintiff had contributed to the accident by the negligent manner in which the plaintiff who had charge of dumping earth under the trestle, had performed his work, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained.

Argued Oct. 16, 1908. Appeal, No. 98, Oct. T., 1908, by defendant, from judgment of C. P. Washington Co., May T., 1907, No. 164, on verdict for plaintiff in case of E. B. Murphy *v.* John T. Dyer. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries alleged to have been caused by a defective trestle. Before TAYLOR, J.

The court charged in part as follows:

[If the defendant through his vice principal, Mr. Gucker here, and the carpenters there, built a trestle that was sufficiently strong to carry this train and the cars loaded with earth that were put upon it and sufficiently strong to stand the jar of the dump, and the plaintiff, Mr. Murphy, who was the boss dumper in charge of that work and had full authority to direct how it should be done and that it was to be dumped in a particular way, dumped dirt to one side of it against what an ordinarily prudent man, careful man, would not have done under the circumstances of that employment and his knowledge of it, to such an extent that it pushed the structure over and then it went down, pushed the bents out of plumb after they were placed in the trestle,—then he would be responsible, even if the trestle was not just the strength it might have been, he would be responsible,—that is, he could not ask the defendant to pay him for an injury he received in that accident, to which accident he himself in part or in whole contributed. It was not calculated that that temporary structure there should be filled up in a way that it would sustain a lateral pressure there. All agree that it was to be filled up,—and you can see that as a matter of common sense it was to be filled up evenly on each side, so that the pressure would keep the bents in place; and if you should find in the end that Murphy here improperly, and when he should have known better, filled this trestle up at one side in the manner and with the kind of dirt that he did, this dirt from the seep on the side of the hill where it was taken with the steam shovel, or dirt that had become slippery from the wet weather, and the trestle was properly constructed in the first place, then you can see how this principle I have just read would apply, because there could be no question but that his act was not good judgment, that it was not such an act as an ordinarily prudent and careful man would employ, and if it contributed to his injury then he could not recover. If, on the other hand, gentlemen of the jury, the trestle went down because not of that unilateral pressure by the dirt being all being dumped on one side, but by reason of the X braces being off and the trestle not of sufficient strength to

support it under the particular conditions of that day or any other day, then it would have been improperly constructed, that is, it would not sustain the weight and shocks of dumping and the vibrations of the train moving over them, that it should, and which would have been the duty of the defendant to have provided in order for the safety of his workmen.] [1]

Defendant presented this point:

Under all the evidence the verdict must be in favor of the defendant. *Answer:* That is refused, because the question here is whether or not this accident was produced by the negligence of the defendant company, which would be a violation of the legal duty upon it, in not constructing the derrick strong enough, and on the other hand, claimed by the defendant being constructed strong enough the accident having occurred by the earth being dumped on one side and the derrick pushed out of plumb. So those are the disputed questions of fact in the case to be determined by a jury, and we could not take it from you under all the evidence. [2]

Verdict and judgment for plaintiff for $7,000. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3) in refusing defendant's motion non obstante veredicto.

*John H. Murdoch,* with him *Edgar B. Murdoch,* for appellant.

*Carl E. Gibson,* with him *Chas. G. McIlvain* and *W. K. Vance,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 4, 1909:

This case grows out of the same occurrence as that which was under consideration in the case of Stremme v. Dyer, ante, p. 7, the opinion in which case has just been filed. There the plaintiff was engineer on the train that was precipitated from the trestle; here the plaintiff was the dumping foreman. It is not necessary to repeat the facts common to both cases. The negligence charged in the statement was the defective construction of the trestle. Not only did the defendant deny

that the trestle was defective, but he contended that the trestle fell solely because the plaintiff who had charge of the dumping, instead of distributing the earth equally upon both sides of the trestle, negligently discharged it all upon one side, and that on the side where the ground was highest, thereby producing a lateral pressure upon the trestle which forced it from its proper place, with the result that it collapsed.

1. The defendant was entitled to have the jury instructed that if the plaintiff's negligence were shown, either as an original or contributing cause of the accident, there could be no recovery. If the trestle did not fall because of defective construction, but solely because of the negligent manner in which the earth had been dumped against it, the accident was to be referred to plaintiff's negligence as the original and sole cause; if, on the other hand, the trestle was defective, yet if such negligence as we have referred to on part of plaintiff was shown as concurring, then there would be contributory negligence, and in either case the result would be the same. Was the jury so instructed? The severe examination and analysis to which the charge has been subjected by the learned counsel for the defendant has discovered a single sentence upon which they rest their contention that the instruction given is not in accordance with the law as we have stated it. The portion of the charge assigned as error is as follows: "If the defendant built a trestle that was sufficiently strong to carry this train and the cars loaded with earth that were put upon it, and sufficiently strong to stand the jar of the dump, and the plaintiff, Mr. Murphy, . . . . dumped dirt to the one side of it against what an ordinarily prudent man would not have done under the circumstances of that employment, and his knowledge," etc. It is insisted that this instruction allowed a finding for defendant on account of plaintiff's negligence, only in case the jury should conclude that defendant stood clear of negligence in the construction of the trestle, eliminating from the case the question of plaintiff's negligence as a concurrent and contributing cause, and that, too, in the very connection in which the court was dealing with contributory negligence. In what we have quoted from the charge—and it is all that is

given in defendant's printed argument, though more appears in the specification—it may perhaps be complained of with justice. But it is not even a complete sentence. The sentence of which the extract is a part thus proceeds: "to such an extent that it—the earth embankment—pushed the structure over and then it went down and pushed the bents out of plumb after they were placed in the trestle—then he would be responsible, even if the trestle was not just the strength it might have been, he would be responsible—that is, he could not ask the defendant to pay him for an injury he received in that accident, to which accident he himself, in part or in whole, contributed." In the section immediately preceding the court uses this language: "That is, the recovery is based upon the negligence of the defendant, and that negligence must be the proximate, sole and efficient cause of the injury, because if it appears in the testimony that the party injured contributed by his own negligence, in any degree to the injury, that ends the case—there can be no recovery under circumstances of that kind." Certainly under such explicit and unqualified instructions immediately preceding the portion of the charge complained of, and the equally explicit recognition of the law of the case in an answer to the appellant's sixth point which followed, the jury could not have been under any misapprehension as to what the court meant in that part of the charge complained of. We may add that it is always unfair to select a single sentence or two in a charge and insist on it as error, without reference to the other portions which explain its meaning or exhibit its bearings: Watts v. Cummins, 59 Pa. 84.

2. Assuming defendant's negligence, did contributory negligence on part of the plaintiff so clearly appear that the court could so declare as matter of law? This is the question raised by the second and third assignments of error, which complain of the court's refusal to give binding instructions, and afterward to enter judgment non obstante. What the jury would find to have been the proximate, efficient cause of the accident, could not have been known to the court. The evidence on part of the plaintiff would have warranted a finding that the efficient and sole cause was the defective construction of the tres-

tle, just as was charged in the statement. How could a verdict have been directed for defendant on the ground that plaintiff had been negligent in connection with something which any such finding by the jury would necessarily reject as an operating and contributing cause? It was submitted to the jury to find the proximate, efficient cause of the accident. If, as defendant now contends, the negligence of plaintiff was not only established but undisputed, the inference seems unavoidable that the jury found that such negligence did not contribute, and this could only be on the ground that the condition created by such negligence was not the proximate, efficient cause, in other words, that the sole cause was to be found in defendant's negligence. The assignments are without merit.

The judgment is affirmed.