## Wanamaker v. Ellis, Appellant et al.

Argued January 5, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*L. W. Harris, Jr.,* of *Herman & Harris,* for appellant.

*William Charles Brown,* with him *Edwin J. McDermott,* for appellee.

PER CURIAM, February 3, 1932:

Defendant Ellis appeals from a judgment and verdict of $5,000 and judgment against him in a suit for personal injuries sustained by plaintiff in an automobile accident. This action was originally brought against Furey Ellis; subsequently, F. Louis Metzger was brought in, by sci. fa. under Act of April 10, 1929, P. L. 479, as an additional defendant. At the trial a verdict was rendered against Ellis and for defendant Metzger. The accident happened at 8:05 P. M., January 2, 1930, on Wynnefield Avenue, near 52d Street in the City of Philadelphia.

Plaintiff was a passenger in the Metzger car, traveling east on Wynnefield Avenue; near the middle of the block a car was parked on the north side of the avenue, and, nearly opposite, another on the south side. As Metzger was passing between the two parked cars, the Ellis car suddenly pulled out of the west-going line of traffic of which it was a part, causing the two cars to collide and resulting in plaintiff's injury. In support of his appeal, defendant contends the verdict is excessive, the charge inadequate, and the court abused its discretion in refusing a new trial.

Neither of the contentions can be sustained. Although plaintiff's outlay for doctor bills and hospital and medical expenses was comparatively small, he received, according to the testimony of the doctors, a number of injuries upon his head and body which required medical treatment from time to time, almost down to the date of trial. Some of the injuries were quite painful, and, as testified to by his regular physician, resulted in plaintiff's losing weight, being anemic, troubled with stomach disorders, and nervousness. In view of this testimony, we cannot say the verdict is "so grossly excessive as to shock our sense of justice......and shows a clear abuse of discretion on the part of the court below in refusing to set it aside": Scott v. American Express Co., 257 Pa. 25; Filer v. Filer, 301 Pa. 461; Hysong v. Kenny Transfer Co., 304 Pa. 103, 105.

Upon examination of the trial judge's instructions to the jury, we find them full and complete and as fair to defendant as he was entitled to have them. If the charge was considered inadequate, a request for further elaboration should have been made at the time. No such request was made, although the court asked if counsel desired anything to be added to what he had said.

As to the court's refusal to grant a new trial, we need only say we find no abuse of discretion in refusing to so order. The record discloses ample evidence to sustain the verdict. Objections set forth to comments of the

trial judge on the testimony of witnesses are without worth and need not be considered.

Judgment affirmed.