Hajduk, Appellant, *v.* Fague et al.

Argued November 14, 1962.   Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Samuel L. Goldstein,* with him *Edward J. Balzarini,* and *Suto, Power, Goldstein & Walsh,* for appellant.

*David B. Fawcett, Jr.,* with him *Dickie, McCamey, Chilcote & Robinson,* for appellee.

*Robert S. Grigsby,* with him *Pringle, Bredin & Martin,* for appellee.

*Marcus Aaron, II,* Assistant City Solicitor, with him *David W. Craig,* City Solicitor, for City of Pittsburgh, appellee.

OPINION BY MONTGOMERY, J., December 12, 1962:

This appeal involves an action in trespass in which the appellant sought damages from three defendants: Earl E. Fague, Auto Rental Company, and the Pennsylvania Railroad. The Pennsylvania Railroad named the City of Pittsburgh as an additional defendant. Appellant instituted proceedings to recover damages suffered by him on November 13, 1954, while he was riding as a guest passenger in a truck owned by the defendant Auto Rental Company and leased to and operated by the defendant Fague, when the truck struck and collided with an overhead pass or trestle owned and maintained by the defendant Pennsylvania Railroad Company on Merchant Street, in the City of Pittsburgh. The truck overturned and the appellant sustained the injuries set forth in his complaint.

The Pennsylvania Railroad joined the City of Pittsburgh, alleging that it was liable on the grounds that

it had changed the grade of Merchant Street causing a lessening of the clearance, and that although notified of the defective condition, had failed to restore or have restored certain clearance signs that had originally been placed there by the Pennsylvania Railroad.

On the morning of the day of the accident the defendant Fague had rented the truck for the purpose of moving certain furniture. He had requested the appellee, a fellow employee, to assist him in this task.

It was stipulated that defendant Auto Rental Company, prior to the accident, had notice of the insufficient clearance at the southerly approach to the underpass because of five other accidents involving vehicles leased by it which were damaged by the insufficient clearance. It was further stipulated that the Pennsylvania Railroad had knowledge of this defective condition and of the five similar accidents. Although, originally, there had been a clearance sign indicating the clearance at this point, the sign had been removed at least one year prior to the date of the accident involved herein.

There was a dispute at the trial whether defendant Fague had been warned of the dangerous condition at the underpass. Auto Rental Company produced evidence to show that it had posted signs in its office and in each of its trucks not to use the underpass in question. Fague denied that such signs were posted and said he was given no warning. Fague, called as for cross-examination, testified that he was operating the leased truck at the rate of five to seven miles per hour downhill toward the underpass, and had no knowledge that the clearance at this point was insufficient to permit the truck to pass underneath the trestle. He denied any notice had been given to him, and that although he had leased trucks from Auto Rental Company on occasions between 1941 and 1948, and during those years had used the underpass involved, he had

had no occasion to lease a truck or to drive underneath this underpass between 1948 and November 13, 1954.

Appellant testified that he was a passenger in the leased truck operated by Fague at the time of the accident. He also denied that any notice or warning had been given by any employee of Auto Rental Company to Fague. He also denied that he observed any signs or warnings in the office or on the dashboard of the truck warning lessees to avoid this overhead trestle. He further testified that there was no clearance sign at the southerly approach to the said underpass at the time of the accident.

The general manager of Auto Rental Company testified in its defense that he had knowledge of the five similar accidents which had occurred before the said date, and that, in an attempt to prevent further accidents, he had signs posted in the office and affixed to the trucks warning lessees of the existence of the low underpass. He stated that the railroad had removed the clearance signs, and had been requested by him to post warning clearance signs at the approach. He had made complaints to the City of Pittsburgh of this dangerous condition, which he charged was caused by the City of Pittsburgh having effected a change in grade in the course of resurfacing Merchant Street. He did not personally warn Fague or hear anybody else warn him. Neither did he inspect the truck before or after the accident to ascertain whether a warning notice was posted therein. Two other witnesses for the Auto Rental Company corroborated the testimony of the general manager, and one testified that he had overheard Fague being warned about the underpass.

Defendant Pennsylvania Railroad Company introduced no evidence on the question of liability. The additional defendant, the City of Pittsburgh, by its witnesses, a city engineer and the superintendent of the Asphalt Division of the city, denied that the city had

resurfaced or changed the grade of Merchant Street at the scene of the accident between 1944 and 1954.

The jury returned a verdict of $4,000 against the defendant Fague, absolving the remaining defendants. Appellant and defendant Fague then filed motions for a new trial. Defendant Fague joined in the brief filed by the plaintiff and adopted the latter's arguments for a new trial.

Appellant's case was based upon the premise that the defendants, Fague, Auto Rental Company, Pennsylvania Railroad Company, and the additional defendant, the City of Pittsburgh, were jointly, severally and/or individually negligent, and that joint, several and/or individual negligence was the proximate cause of the accident herein involved. Appellant contends, however, that the trial court based its charge, in effect, upon the premise that if the jury believed that the defendant Fague was negligent, the jury must return a verdict in favor of the other defendants. Appellant points specifically to the points for charge submitted by Auto Rental Company imputing the negligence of the driver to his passenger, the appellant.

"2. If you find that Earl E. Fague was given any warning of the danger at the Merchant Street underpass, also known as Clark underpass, your verdict must be in favor of the Auto Rental Company.

"3. If you find that Earl E. Fague knew of the potential danger at the Merchant Street underpass, your verdict must be in favor of the Auto Rental Company."

Plaintiff further contends that the trial court erred in affirming and reading to the jury, as part of its charge, the following points for charge submitted by the Pennsylvania Railroad Company, and in some instances almost identically by the City of Pittsburgh.

"2. Under the evidence in this case, you cannot, render a verdict against the Pennsylvania Railroad

Company, because there was no clearance in feet and inches posted on its trestle over Merchant Street on November 13, 1954.

"4. If you do find that the Pennsylvania Railroad Company was negligent, but that its negligence created merely a passive background or circumstance of the accident, the plaintiff would not be entitled to recover against the Railroad if the accident was in fact caused by an intervening act of negligence which was a superseding cause.

"5. If you find that Earl Fague became aware of the potential danger dealing with the low clearance at the Merchant Street underpass, and thereafter, by an independent act of negligence brought about the accident, the Pennsylvania Railroad Company would be relieved of liability because its conduct merely was a circumstance of the accident and not a proximate cause.

"7. If you find that the Auto Rental Company became aware of the fact that its trucks moving in a southerly direction would not pass under the Merchant Street underpass before November 13, 1954, and failed to warn Earl E. Fague of the condition, then your verdict must be in favor of the Pennsylvania Railroad Company."

The first point for charge set forth above and submitted by Auto Rental Company merely states that if the defendant Earl Fague was given warning of the danger involved in the use of the truck, the Auto Rental Company could in no way be liable to the plaintiff. As a general rule, a bailor is not liable for the negligence of the bailee in the operation of a bailed chattel. *Brower v. Employers' Liability Assurance Company, Ltd.,* 318 Pa. 440, 177 A. 826. If the jury believed that Earl Fague was warned by the Auto Rental Company, then the duty of Auto Rental Company was complete as to any person who might be injured through Fague's negligence.

The other point for charge submitted by the Auto Rental Company complained of by the appellant was to the effect that even if Auto Rental Company neglected to warn of the danger, and that if Fague knew of the potential danger at the underpass and ignored it, then any negligence on the part of Auto Rental Company would be cut off. Superseding or intervening cause will cut off the negligence of the original actor. *Brazel v. Buchanan,* 404 Pa. 188, 171 A. 2d 151; *Rodgers v. Yellow Cab Company,* 395 Pa. 412, 147 A. 2d 611; *Kline v. Moyer and Albert,* 325 Pa. 357, 191 A. 43. In the *Kline* case, at page 364, intervening cause was defined as "Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause."

The factual issue with respect to defendant Auto Rental Company was whether notice was given to defendant Earl Fague. Testimony was introduced on behalf of Auto Rental Company to show that notice was given and on behalf of the appellant to show notice was not given. This presented a factual issue for the jury to decide.

As to the points for charge presented by the Pennsylvania Railroad and the City of Pittsburgh, said points did not eliminate from the jury's consideration, as claimed by the appellant, the possibility of returning a verdict in favor of the plaintiff against any one, any combination, or all of the defendants.

It is clear from the facts presented in this case that the jury found no negligence on the part of Auto Rental Company, the Pennsylvania Railroad, or the City of Pittsburgh. Fague drove a truck on a bright, clear day

in such a manner as to cause it to collide with an overhead railroad trestle. He knew the trestle was located so that Merchant Street passed underneath it. He did not know the height of the truck he was operating. All of these facts, none of which were disputed, unerringly point to the conclusion that the only efficient cause of the appellant's injury was the negligence of Fague.

It is a basic principle that in determining whether or not prejudicial error has occurred in the instructions of a court to a jury the entire charge must be considered. *James v. Ferguson,* 401 Pa. 92, 162 A. 2d 690; *Murphy v. Dyer,* 223 Pa. 18, 72 A. 276. A corollary of this rule is that no specific instruction will be deemed to have constituted reversible error when it is apparent that the jury was not misled by the instruction. *Coleman v. Reading Company,* 346 Pa. 289, 29 A. 2d 499.

The charge of the court reads in part as follows:

"Well, it seems to me the first thing you will have to do is for you to determine, was there any negligence on the part of Earl Fague? Was there any negligence on the part of the Auto Rental Company; was there any negligence on the part of the Pennsylvania Railroad Company; was there any negligence on the part of the City of Pittsburgh? . . .

"If you find that *any one or all of them* were negligent, or one, two, three, in any combination, whichever you find were negligent, then the plaintiff, Stanley Hajduk, is entitled to a verdict, . . ." (Emphasis supplied)

And finally, after the various points for charge had been read to the jury, the court stated:

"In order for you to find a verdict against *all or, against any or all* of the defendants, you must find that they were negligent, and if you find that *one or all of them* were negligent, then your verdict should and must be in favor of the plaintiff in so many dollars and cents. . . ." (Emphasis supplied)

It is therefore clear that the charge of the court below not only allowed the jury to bring in a verdict against any or all of the defendants in accordance with their findings of negligence, but also, it specifically directed them to do so. The charge was clear and precise as to the alternatives. There is no basis for the plaintiff's assertion that the points of the absolved defendants introduced an issue of imputed negligence. To the extent that the charge did not state applicable law, if indeed this is so, appellant failed in his mandatory duty to ask for a fuller explanation and cannot now complain of a failure to elaborate. *Ingram v. Pittsburgh*, 350 Pa. 344, 39 A. 2d 49; *Wanamaker v. Ellis*, 306 Pa. 222, 159 A. 1.

The failure of the trial court to charge the jury that the negligence of defendant Earl Fague could not be imputed to the appellant did not constitute basic and fundamental error, because the court did not charge at all on contributory negligence. There was no evidence nor any issue relating to imputing the driver's negligence to the appellant, and the jury rendered a verdict in favor of the appellant and against the driver. In order to reverse on the grounds of basic and fundamental error, it must appear that the charge misled the jury to the plaintiff's prejudice. *Lyons v. Wargo*, 386 Pa. 482, 126 A. 2d 411. The appellant relies on the cases of *Cobb v. Chubeck*, 399 Pa. 201, 160 A. 2d 207; *Finkelstein v. McClain*, 331 Pa. 198, 200 A. 596. Neither of these cases is applicable, because, in both, the plaintiff was denied recovery and the court concluded it was impossible to determine whether the jury had imputed negligence of the driver of the car in which the plaintiff was a passenger to the plaintiff. In this case Fague was not the plaintiff, and the issue of imputed negligence never arose until after the verdict. Here the jury was obviously not misled by any failure to charge on imputed negligence because they

returned a verdict in favor of the appellant against Fague, and could not, therefore, have been under the impression that Fague's negligence was to be imputed to the appellant.

Judgment affirmed.

WRIGHT, J., would grant a new trial.