SHELDON HAMROFF, Plaintiff, and ZELDA HAMROFF, Appellant, v. LEE ANDERSON, Respondent.— Order, Appellate Term, First Department, entered on December 29, 1972, reversing an order of the Civil Court entered on April 27, 1972, which set aside a $500 verdict in favor of plaintiff, Zelda Hamroff, as inadequate and which placed the case on the calendar for an assessment of damages, unanimously reversed, on the law, on the facts and in the interests of justice, without costs and without disbursements, and order of the Civil Court reinstated for the reasons set forth in the dissenting memorandum at the Appellate Term. An Appellate Court ought to review liberally the discretion exercised by a Trial Judge with regard to the reasonableness of verdicts returned to him. Even if the Appellate Term Judges would not themselves have set the verdict aside for inadequacy had they acted in the first instance, this alone would not be sufficient to warrant their reversal of the order of the Civil Court. (*Mann* v. *Hunt,* 283 App. Div. 140, 141.) This court held, in *Kligman* v. *City of New York* (281 App. Div. 93, 94), as follows: " A judge who presides at the trial has supervisory power over a jury's verdict. He is in the atmosphere of the trial; he sees the witnesses, hears their testimony, and in a personal injury action such as this he observes the nature and extent of the injuries claimed. Ordinarily, he is in a better position than is an appellate court to determine whether such a verdict is excessive. If in good conscience he believes that the quantum of the verdict is not sustained by the evidence he should have no hesitancy in setting it aside * * * he may direct a new trial * * * where the verdict is inadequate unless defendant agrees to permit a recovery in a greater sum. With the proper exercise of such discretion, an appellate court will not interfere [citing cases]." Concur — Nunez, J. P., Capozzoli, Lane and Yesawich, JJ.