■ KENNETH E. B. ROWAN, Individually and as Administrator of the Estate of KENNETH P. B. ROWAN, Deceased, Respondent, v COUNTY OF NASSAU, Appellant. (Action No. 1.) PATRICIA ANGONA, Respondent, v COUNTY OF NASSAU, Appellant, and KENNETH E. B. ROWAN, as Administrator of the Estate of KENNETH P. B. ROWAN, Deceased, Respondent. (Action No. 2.) — In two jointly tried negligence actions, arising out of a motorcycle accident, to recover, *inter alia,* for wrongful death and personal injuries, respectively, defendant County of Nassau appeals (1) in Action No. 1, from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered November 16, 1981, after a jury trial, upon a special verdict which found both the plaintiff Rowan's decedent and the defendant county guilty of negligence which proximately caused the accident, apportioned fault at 80% and 20%, respectively, and determined plaintiff Rowan's damages at $500,000 which were thereupon reduced by the court to $100,000 pursuant to the jury's apportionment, and (2) in Action No. 2, from a judgment of the same court, entered November 12, 1981, upon the jury's verdict assessing plaintiff Angona's damages at $800,000. Judgment entered November 16, 1981, reversed, on the law, without costs or disbursements, and new trial granted, limited to the issue of damages only, unless within 20 days after service upon plaintiff Rowan of a copy of the order to be made hereon, with notice of entry, he serves and files in the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the judgment in his favor to the principal sum $30,000, as apportioned, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended is affirmed, without costs or disbursements. The jury's findings of fact as to liability and the apportionment of damages are affirmed. Judgment entered November 12, 1981, affirmed, without costs or disbursements. In view of the statutory mandate that, in a wrongful death action, the

amount of recovery shall be measured by "pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3), the special verdict finding that the plaintiff in Action No. 1 suffered $500,000 in damages was excessive. The deceased was 23 years old, unmarried, and had been employed. He had been contributing $50 per week to the household, and there was evidence that he had been contributing various sums since an early age. There was also testimony that he was very generous and shared whatever he had with his family. However, it would be proper for the jury to consider that in the normal course of events decedent would have moved away from his family. While he may still have assisted them financially, the amount of such assistance could not reasonably be expected to reach the amount awarded. The verdict was excessive by $350,000 and should be reduced to $150,000. After application of the apportionment of fault arrived at by the jury, the judgment in Action No. 1 should be entered in plaintiff Rowan's favor in the principal sum of $30,000. In Action No. 2, plaintiff Angona suffered a severe fracture of her left arm, which required three operations, a fracture of her left leg which required the implantation of a plastic kneecap, a bilateral skull fracture and brain damage, which caused her to suffer confusion and disorientation for several weeks following the accident and very poor memory retention which continues to plague her. In addition, she lost four teeth, had a fractured jaw, broken nose, and scars in various places on her face, arm and leg. Prior to the accident she had been working steadily for a year at a job paying her $110 per week. Upon her return to work following the accident, she was demoted and left three weeks thereafter. Since then she has been unable to hold any job for an appreciable length of time. She suffers from osteoarthritis in her arm and leg, which is expected to grow progressively worse. Due to the weakness in her leg and arm, she is unable to participate in any of the sports and physical activities in which she was involved prior to the accident. Upon this record of serious, permanent injuries to plaintiff Angona's brain and other parts of her body, the verdict as to her was not excessive (*Watson v Archer*, 46 AD2d 997; *Petosa v City of New York*, 63 AD2d 1016; *Hamroff v Anderson*, 46 AD2d 866). We have considered the appellant's other contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.