■ PATRICIA ANGONA, Respondent, v COUNTY OF NASSAU, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 6, 1986, as, upon denying its motion which sought, *inter alia,* to permanently enjoin the plaintiff from enforcing a judgment in her favor as against it, determined that the plaintiff was entitled to recover postjudgment interest from it for the period from November 12, 1981 through December 31, 1982, at the rate of 9% on 80% of the amount of judgment.

Ordered that the order is reversed insofar as appealed from, with costs, and the plaintiff is entitled to recover postjudgment interest from the County of Nassau for the period from November 12, 1981 through December 31, 1982, at the rate of 3% on the entire judgment.

In July of 1981 a verdict in the sum of $800,000 was rendered in this personal injury action in favor of the plaintiff and against the defendant County of Nassau and an individual codefendant. The jury apportioned fault at 20% against the county and 80% against the codefendant. On November 12, 1981, a judgment was entered against both defendants, together with costs and interest from the date of the verdict to the date of the judgment. The judgment in favor of the plaintiff was thereafter affirmed by this court *(see, Angona v County of Nassau,* 91 AD2d 608).

The only issue on this appeal is the applicable rate of postjudgment interest that the county should be required to pay to the plaintiff for the period from November 12, 1981 through December 31, 1982. The parties agree that on 20% of the judgment, a 3% interest rate applies for the time period in question. The trial court, however, found that the plaintiff was entitled to recover interest at the rate of 9% on that portion of the judgment "representing the 80% responsibility fixed by the jury" as to the codefendant for the challenged time period. We disagree.

In this case, the plaintiff was entitled to recover the entire judgment against the county, regardless of the jury's appor-

tionment of fault *(see, Kelly v Long Is. Light. Co.,* 31 NY2d 25, 30; *Klinger v Dudley,* 41 NY2d 362, 367). Consequently, we find that the jury's apportionment of liability is similarly not relevant to the issue of the rate of postjudgment interest that the county is required to pay to the plaintiff. The rate of interest payable by the county should be determined as if the county were the sole defendant *(see,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 1402.01a). To the extent that *Smart v Wozniak* (86 Misc 2d 940, *affd* 58 AD2d 993, *lv denied* 43 NY2d 643) is to the contrary, we decline to follow it.

The amount of interest to be paid by a municipal corporation upon any judgment against the municipality is governed by the provisions of General Municipal Law § 3-a *(see, Acme Bldrs. v County of Nassau,* 36 AD2d 317, *affd* 31 NY2d 924). Prior to the 1982 amendment (L 1982, ch 681, § 1), General Municipal Law § 3-a (1) provided, with certain exceptions not applicable herein, that "the rate of interest to be paid by a municipal corporation upon any judgment * * * shall not exceed three per centum per annum". The 1982 amendment changed the interest rate to 9% per annum, as of the first day of the next fiscal year after the date (July 22, 1982) on which the amendment became law (L 1982, ch 681, § 5). It is not disputed that the county's next fiscal year commenced January 1, 1983.

Accordingly, with respect to the 80% of the judgment at issue, the plaintiff is entitled to recover postjudgment interest from the County of Nassau for the period from November 12, 1981 through December 31, 1982 at the rate of 3%. Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.