■ MILDRED COSTARELLI, as Administratrix of the Estate of TULLIO COSTARELLI, Deceased, Respondent, v JOHN GURINO et al., Appellants.—In an action to recover damages for wrongful death, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered April 11, 1989, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $500,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the clerk of the Supreme Court, Suffolk County, a written stipulation signed by the plaintiff consenting to decrease the award of damages from the principal sum of $500,000 to the principal sum of $225,000 and to the entry of an amended judgment accordingly. In the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The defendant challenges several discretionary rulings of the trial court. The rulings complained of, even if error, were unlikely to have affected the verdict *(see,* CPLR 2002; *see, e.g., Simpson v Bellew,* 161 AD2d 693), and we therefore find no basis to grant a new trial.

However, we find the amount awarded for damages deviated materially from what would be reasonable compensation to the extent indicated above (CPLR 5501 [c]). Although there was trial testimony that the 19-year-old decedent lived at home, was self-employed and contributed his entire take-home pay of $400 per week toward his parents' household expenses, it was unreasonable to assume that such a state of affairs would have lasted indefinitely into the future. Common human experience teaches us that in the normal course of events, a young person would have sooner or later moved away from his family. Thus, while the decedent may still have

assisted his parents financially, "the amount of such assistance could not reasonably be expected to reach the amount awarded" *(Rowan v County of Nassau,* 91 AD2d 608, 609; *see also, Wanamaker v Pietraszek,* 107 AD2d 1020; *Brookman v Public Serv. Tire Corp.,* 86 AD2d 591). Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.