■ GREGORIA STRINGILE, as Executrix of THOMAS STRINGILE, Deceased, Appellant, v JOSEPH ROTHMAN et al., Respondents.—In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Levine, J.), entered September 27, 1989, which, upon a jury verdict, is in her favor in the principal sum of $130,000 for wrongful death, of which $70,200 was for lost earnings.

Ordered that the judgment is affirmed, with costs.

The plaintiff contends that the court erred in not permitting her to testify on direct or redirect examination that the decedent intended to continue working and that he did not intend to retire. However, the plaintiff testified on cross-examination that her husband told her, "[E]ither I retire or I get my own agency", and, the day before he died he purchased an agency (i.e., automobile dealership) with his nephew. In view of these facts, any error was harmless and the plaintiff's case was not prejudiced thereby (see, Kutanovski v DeCicco, 152 AD2d 540, 541).

Four years later, the decedent's nephew received an offer worth $550,000 to purchase the nephew's shares in the dealership, which had been losing money every year since it opened. The plaintiff contends that the court erred in not allowing the nephew to testify as to the terms of this offer. However, the decedent's nephew could not sell his shares unless Ford Motor Company (hereinafter Ford) approved of the purchaser. Ford did not approve of the purchaser and subsequently it sold the dealership to someone else. The decedent's nephew received no money from the proceeds of that sale. He did not even recoup his initial investment. The offer was, therefore, speculative and too remote to be probative of the decedent's future loss of earnings (see, Stringile v Rothman, 142 AD2d 637; Wanamaker v Pietraszek, 107 AD2d 1020).

The plaintiff's remaining contentions are either unpreserved for appellate review (see, CPLR 5501 [a] [3]) or do not warrant reversal. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.