Sharron L. O'Buckley, Individually and as Administrator of the Estate of Michael O'Buckley, Deceased, Appellant, v County of Chemung et al., Respondents. [53 NYS3d 209]—

Rose, J. Appeals (1) from an order of the Supreme Court (O'Shea, J.), entered October 26, 2015 in Chemung County, which, among other things, partially denied plaintiff's motion in limine, and (2) from an order of said court, entered January 22, 2016 in Chemung County, which, among other things, partially granted defendants' motion in limine.

Plaintiff's 17-year-old son (hereinafter decedent) died as a result of the injuries he sustained when he lost control of his vehicle while traveling northbound on County Route 26 (also known as Christian Hollow Road) in the Town of Southport, Chemung County. As decedent's vehicle rounded a downhill curve, it slid off the roadway and struck a tree in the front yard of 41 Christian Hollow Road. Plaintiff, individually and as administrator of decedent's estate, commenced this action to recover damages for decedent's wrongful death, alleging that defendants, among other things, were aware of the hazardous nature of the roadway based upon several prior accidents that occurred in the same approximate location.[1] In anticipation of trial, plaintiff filed a motion in limine seeking to, as is relevant here, deny any motion by defendants to preclude evidence of prior accidents. Defendants responded by moving to preclude plaintiff from offering evidence of prior accidents, as well as proof pertaining to decedent's lost future earnings.

In an October 2015 order, Supreme Court preliminarily determined that, before evidence of prior accidents could be admitted at trial, plaintiff would have to make an offer of proof, outside the presence of the jury, demonstrating that such evidence would reveal similar accidents. As to lost future earnings, Supreme Court found that this proof was speculative and would likely be precluded, absent a strong offer of proof. A jury trial thereafter ensued and, during her opening statement, plaintiff told the jury that there had been 14 prior accidents on Christian Hollow Road and that an economist would testify concerning decedent's lost future earnings. After the completion of all opening statements and following a lengthy on-the-record discussion, Supreme Court granted defendants' request for a mistrial and, in a January 2016 order, precluded plaintiff from offering evidence of prior accidents or decedent's lost

---

1. Following joinder of issue, Supreme Court, among other things, granted summary judgment in favor of defendants and, upon plaintiff's appeal, this Court reversed that determination (88 AD3d 1140, 1141-1142 [2011]).

future earnings in a second trial. Plaintiff now appeals from Supreme Court's October 2015 and January 2016 orders.[2]

We agree with defendants that no appeal lies from the October 2015 order inasmuch as it merely delayed ruling on the admissibility of evidence until trial. In any event, the only issue that plaintiff raises with respect to the October 2015 order has been rendered moot by Supreme Court's January 2016 order. In contrast, we find that the January 2016 order is appealable, despite its in limine nature, in light of its effect here of significantly narrowing the scope of the issues to be tried at a second trial (*see Calabrese Bakeries, Inc. v Rockland Bakery, Inc.*, 139 AD3d 1192, 1193-1194 [2016]; *Vaughan v Saint Francis Hosp.*, 29 AD3d 1133, 1135 [2006]).

Turning to the merits, we cannot agree with plaintiff's contention that Supreme Court erred by precluding her from offering evidence concerning prior accidents without affording her an opportunity to make an offer of proof. As a backdrop, "[i]t is well settled that proof of a prior accident, whether offered as proof of the existence of a dangerous condition or as proof of notice thereof, is admissible only upon a showing that the relevant conditions of the subject accident and the previous one were substantially the same" (*Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]; *accord Cramer v Kuhns*, 213 AD2d 131, 136 n [1995], *lv dismissed* 87 NY2d 860 [1995]; *see Dudley v County of Saratoga*, 145 AD2d 689, 690 [1988], *lv denied* 73 NY2d 710 [1989]). Further, trial courts have broad discretion in ruling on the admissibility of evidence and, therefore, those rulings will not be disturbed on appeal absent an abuse of that discretion (*see Mazella v Beals*, 27 NY3d 694, 709 [2016]; *Sadek v Wesley*, 117 AD3d 193, 199 [2014], *affd* 27 NY3d 982 [2016]; *Breckinridge v Breckinridge*, 103 AD2d 900, 901 [1984]).

A review of the colloquy between Supreme Court and the parties that occurred after opening statements establishes that plaintiff was not only afforded an opportunity to make an offer of proof concerning evidence of prior accidents, but she did, in fact, make such an offer. In this regard, the transcript reflects that plaintiff highlighted that the proof she was seeking to admit into evidence was accident data from the Department of Transportation, which reflected that 14 prior accidents had occurred in the same general area as decedent's accident, and the deposition testimony of a tow truck operator who had towed several vehicles out of the front yard of 41 Christian Hollow Road. In support of her position that this evidence was admis-

---

2. Plaintiff does not challenge Supreme Court's grant of a mistrial.

sible, plaintiff argued that the fact that the prior accidents had occurred within a distance equal to "one city block" of decedent's accident was "enough" of a similarity to warrant admission of all of the prior accidents into evidence. The record reflects that plaintiff repeated this argument at numerous points during the colloquy and also asserted that, contrary to defendants' position, "it's just not the law that [she has] to prove" the conditions regarding "each and every collision" because the only dispositive factor is "where [the accident] occurs."

Although plaintiff pointed to various documents in the record during oral argument on her appeal in an effort to establish that certain of the prior accidents occurred under the same conditions as decedent's accident, she failed to point to these documents or articulate this argument before Supreme Court, and she did not request any further opportunity to do so. Thus, in our view, the record refutes plaintiff's claim that Supreme Court denied her the opportunity to make an offer of proof and reflects, instead, that the limited offer that she made was insufficient to show that the conditions of the prior accidents and decedent's accident were "substantially the same" (*Hyde v County of Rensselaer*, 51 NY2d at 929; *see Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 241 [2004]; *Marshall v Town of Riverhead*, 267 AD2d 216, 217 [1999], *lv denied* 95 NY2d 756 [2000]).

Plaintiff next contends that her proffered economist's testimony regarding decedent's lost future earnings is not speculative and, therefore, Supreme Court erred in precluding this evidence. While the law is clear that "the absence of dollars and cents proof of pecuniary loss does not relegate the [plaintiff] to recovery of nominal damages only" in a wrongful death action (*Parilis v Feinstein*, 49 NY2d 984, 985 [1980]), evidence that amounts to no more than mere speculation "as to how much a young decedent would have earned had he [or she] continued to live . . . does not serve as an adequate basis for determination of damages" (*Wanamaker v Pietraszek*, 107 AD2d 1020, 1021 [1985]). Rather, such evidence is admissible only "if there is [a] sufficient probability of [the] decedent's future earnings" (*id.*; *compare Petersen v Owens*, 186 AD2d 1029, 1030 [1992], *with Bartkowiak v St. Adalbert's R. C. Church Socy.*, 40 AD2d 306, 310-311 [1973]).

According to the expert disclosure information that plaintiff provided to defendants, the economist calculated lost future earnings from information that decedent was a 17-year-old junior in high school at the time of his death and that he had expressed a "strong desire" to enlist with the military upon

graduation and then obtain employment with the State Police. Based upon this information, the economist calculated decedent's lost future earnings based upon three different employment paths, specifically, (1) graduating from high school and earning average wages for a high school graduate, (2) graduating from high school, enlisting with the military and serving his entire career there and (3) graduating from high school, serving in the military for five years and then obtaining employment with the State Police. In our view, the second and third calculations are based wholly upon "contingencies that are 'uncertain, dependent on future changeable events and, thus, inherently speculative' " (*Imbierowicz v A.O. Fox Mem. Hosp.*, 43 AD3d 503, 508 [2007], quoting *Farrar v Brooklyn Union Gas Co.*, 73 NY2d 802, 804 [1988]). The only scenario that is based upon a sufficient probability of decedent's lost future earnings is the first calculation inasmuch as it is reasonably foreseeable—and not disputed by defendants—that decedent would likely have graduated from high school had he not died as a result of the accident (*see Wanamaker v Pietraszek*, 107 AD2d at 1021; *compare Bartkowiak v St. Adalbert's R. C. Church Socy.*, 40 AD2d at 310-311). Accordingly, we agree with plaintiff that Supreme Court abused its discretion, but only to the extent of precluding plaintiff from introducing testimony by the economist related to the first calculation.

Peters, P.J., McCarthy, Garry and Aarons, JJ., concur. Ordered that the appeal from the order entered October 26, 2015 is dismissed, without costs.

Ordered that the order entered January 22, 2016 is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion in limine to preclude evidence of decedent's lost future earnings to the extent set forth in this Court's decision, and, as so modified, affirmed.