**Prudence Tallman WOOD, Plaintiff,**

v.

**James S. WOOD et al., Defendants.**

**No. 67–Civ. 2513.**

United States District Court,
S. D. New York.

Feb. 27, 1970.

Stroock & Stroock & Lavan, New York City, for plaintiff.

Whitman, Ransom & Coulson, New York City, for defendants.

O'Dwyer & Bernstein, New York City, for defendant John A. Matthews; by W. Bernard Richland, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

Defendants Bank of Commerce and John A. Matthews, Assistant Vice President thereof at all relevant times, have moved herein for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment dismissing plaintiff's complaint as against them upon the grounds that said complaint fails to state a claim for which relief could be granted and that plaintiff's alleged causes of action are barred by the statute of limitations. The actions complained of occurred in March and April 1962 and the complaint was filed on June 28, 1967.

The rather complex factual background of this case is set forth in some detail by Judge McLean of this Court in his Memorandum of January 23, 1969, granting the summary judgment motion of defendant Bankers Trust Company. 312 F.Supp. 758. (Judge McLean's order to that effect was filed on January 24, 1969.) It would serve no purpose for us to reiterate this history herein. We will refer only to the facts of particular relevance to the instant motions. We note that the specific claims that plaintiff makes against defendant Matthews are articulated, albeit inartistically, in paragraphs 61 and 62 of the complaint. Plaintiff's claims made against both Matthews and Bank of Commerce are likewise articulated in paragraphs 63 and 64.

The gravamen of plaintiff's claim is that defendant Matthews as Assistant Vice President of defendant Bank of Commerce guaranteed plaintiff's signature on a stock power for 5,609 of her stock certificates of Christiana Securities Company, and on two hypothecation agreements with Bankers Trust Company dated April 20, 1962, when said signature was in fact a forgery. Plaintiff alleges that defendant Wood, plaintiff's husband, forged plaintiff's signature to the stock power and the two hypothecation agreements and went with a Vice President of Hydrocarbon Chemicals, Inc., [Hydrocarbon] George Kaevner, to the Bank of Commerce, where said forged signatures were guaranteed by Mr. Matthews for the Bank of Commerce. As part of the scheme of the al-

leged conspiracy, plaintiff alleges that defendants Belmont and Hydrocarbon were substantial customers of the Bank of Commerce and that Robert Euwer, an officer of that bank, was a director of Hydrocarbon. Plaintiff relies on a wide range of theories whereby this guaranteeing of the plaintiff's signature on the documents subjects movant defendants herein to civil liability.

After painstaking review of the extensive file in this case and after considerable deliberation, we have concluded that movant defendants herein are entitled to the relief sought.

Insofar as plaintiff claims that defendants herein "aided and abetted" the wrongful action of defendant Bankers Trust Company, plaintiff clearly fails to state a claim for which relief could be granted, since Judge McLean, in his aforesaid order of January 24, 1969, dismissed plaintiff's second count, wherein Bankers Trust Company was charged with wrongdoing, by reason of the applicable statute of limitations.

Moreover, plaintiff nowhere in her complaint alleges knowledge or connivance on the part of movant defendants of the alleged scheme to defraud her. In the sections of the complaint alleging the conspiracy to defraud, plaintiff does not name these defendants. Accordingly, plaintiff fails to state a claim within the asserted knowledge exception to the Rule of U.C.C. 8–312(3) that a guarantee of a signature on a securities document inures only to those "taking or dealing with the security in reliance on the guarantee." Love v. Pennsylvania R.R., 200 F.Supp. 561 (E.D.Pa.1961). Thus, the Rule of U.C.C. 8–312(3) is applicable. The element of reliance is in no way alleged. From the papers submitted, we have concluded that this element is totally lacking. Accordingly, plaintiff states no claim for relief based on a theory of signature guarantee. As a consequence, plaintiff's claim not falling under this section, it is not governed by the 6 year statute of limitation that would be applicable thereto. Moreover, even if these defendants were alleged to have had the required knowledge to fall within the asserted exception of the Love case, plaintiff's claim would seemingly be one based on a theory of conversion, see Eulette v. Merrill, Lynch, Pierce, Fenner and Beane, 101 So.2d 603 (Fla.App.1958), for which a 3 year statute of limitations would apply. See the aforementioned Memorandum of Judge McLean. Nor can plaintiff rely on a theory of fraud against movant defendants since notice of such a claim is clearly not given in the complaint. Moreover, from the facts alleged and from all the papers submitted, the requisite element of reliance is, as indicated supra, totally lacking. Moreover, plaintiff would seem to have no other possible tort claim for relief against these defendants. Stella Flour and Feed Corp. v. National City Bank, 285 App.Div. 182, 136 N.Y.S.2d 139 (1st Dept.1954), aff'd without opinion, 308 N.Y. 1023, 127 N.E.2d 864 (1955); In re Parry Lines, 150 F.Supp. 693 (S.D.N.Y.1957).

Thus, despite the ambitious arguments of counsel for plaintiff in their memoranda, the complaint does not accuse movant defendants herein of fraud or conspiracy to defraud and no factual foundation supporting such theories is given. Moreover, plaintiff has no claim against these defendants based on false signature guarantee because the requisite element of reliance is not alleged and is obviously totally absent, and the extenuating circumstance of knowledge is not even alleged. Also, even if plaintiff's claim were one for conversion, it would be time-barred.

Accordingly, the motions of movant defendants herein for summary judgment are granted in their entirety for the reasons set forth.

So ordered.