John H. Doerr, J.
The defendant moves pursuant to CPLR 3211 (subd. [a], par. 7), to dismiss the complaint for failure to state a cause of action.
It is conceded by the defendant that by such attack the allegations as set forth in the complaint are presumed to be true.
From the complaint it appears that Goodbody & Co., Inc. (Goodbody) was a stockbrokerage firm that has, since the events in question, merged with defendant. As a result of that merger, the defendant assumed the contractual obligations and liabilities of Goodbody.
On January 5, 1971, Goodbody received and certified the signature of plaintiff on 100 shares of Gulf Oil Corporation stock owned by her. The signature was a forgery.
The stock was then sold, and plaintiff did not receive the proceeds thereof.
*876 The complaint further alleges:
“sixth: That said plaintiff, Mrs. Dorothy E. Lowes, was never on the premises of the office of the Goodbody & Co., Inc., at or near this time, had never turned the stock over to the said company to be sold, had never authorized said sale, and further had never placed her signature on the said stock certificate.”
‘1 ninth :' That the defendant corporation is legally responsible for its false certification to plaintiff’s signature which resulted in the sale of the said stock and the resulting loss to the plaintiff herein.”
The plaintiff does not allege that Goodbody or any of its agents or employees forged her signature, nor does she allege a conspiracy or knowledge of a conspiracy by Goodbody to -defraud her. The narrow, and indeed the only ground relied upon by plaintiff in the pleadings to make out a cause of action against the defendant, is the alleged false certification of her signature by Goodbody.
The effect of a signature guarantee is provided for in the Uniform Commercial Code as follows:
“ § 8-312. Effect of Guaranteeing Signature or Indorsement. “ (1) Any person guaranteeing a signature of an indorser of a security warrants that at the time of signing “ (a) the signature was genuine; * * *
“ (3) The foregoing warranties are made to any person taking or dealing with the security in reliance on the guarantee and the guarantor is liable to such person for any loss resulting from breach of the warranties.”
The plaintiff is clearly not one of those encompassed within the protective language of the statute. She is not a “person takihg or dealing with the security in reliance on the guarantee.” As the Practice Commentary, prepared by Carlos L. Israels (McKinney’s Cons. Laws of N. Y., Book 62½, Uniform Commercial Code, p. 252) suggests, “ Note in contrast that the true owner of the Security whose unauthorized signature was guaranteed is not within the class of persons to whom the warranties run under subsec. (3) of -this section.”
Where a complaint went' further than the case at bar, and did in fact allege a scheme to defraud, it was held to state no claim for relief based on a theory of signature guarantee. “ plaintiff nowhere in her complaint alleges knowledge or connivance on the part of movant defendants of the alleged scheme to defraud her. In the sections of the complaint alleging the conspiracy to defraud, plaintiff dóes not name these defendants. *877 Accordingly, plaintiff fails to state a claim within the asserted knowledge exception to the Rule of U. C. C. 8-312(3) that a guarantee of a signature on a securities documfent inures only to those 1 taking or dealing with the security in reliance on the guarantee.’ Love v. Pennsylvania R.R., 200 F. Supp. 561 (E.D.Pa.1961). Thus, the Rule of U. C. C. 8-312(3) is applicable.” (Wood v. Wood, 312 F. Supp. 762, 764,)
The complaint here fails to state facts sufficient to constitute a cause of action against the defendant, and defendant’s motion to dismiss same is granted.