OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs; defendant’s motion for summary judgment should be granted dismissing the complaint insofar as it seeks pecuniary damages based on loss of an estate tax credit; and the certified question should be answered in the negative.
The administrator of decedent’s estate commenced this wrongful death action seeking recovery of funeral expenses and a loss of inheritance of $125,562 resulting from the loss of a Federal estate tax credit. The administrator, successful in *804 the lower courts, contended that had decedent lived until 1987 instead of dying by asphyxiation in 1982 as a result of defendant’s alleged negligence, the estate would have realized the full benefit of the Federal estate tax credit and no Federal estate tax would have been due and paid (26 USC § 2010 [a]).
The award of damages in a statutory wrongful death cause of action is strictly limited to "fair and just compensation for the pecuniary injuries resulting from the decedent’s death” (EPTL 5-4.3 [a]). Absent express legislative authority, and there is none here, future tax liability is not considered when determining pecuniary loss (see, Johnson v Manhattan & Bronx Surface Tr. Operating Auth., 71 NY2d 198, 205). In this case, the administrator seeks recovery not of an earned, fixed tax credit, but of an inchoate one which decedent may have earned in futuro assuming at least these key factors remained the same — the amount and assets of the estate, the decedent’s tax status, and the tax law itself. These are uncertain, dependent on future changeable events and, thus, inherently speculative. Such a loss is not compensable.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur in memorandum; Judge Hancock, Jr., taking no part.
Order reversed, etc.