■ BERNICE CONROY, Individually and as Executrix of WILLIAM CONROY, Deceased, Respondent, v FORD MOTOR COMPANY, INC., et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered November 25, 1987 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

Decedent was married to plaintiff for over 30 years before his death on July 3, 1986. At that time decedent had been separated from plaintiff for approximately 15 months and a divorce action was pending. Plaintiff was appointed executrix of his estate and in her personal and representative capacity has brought this suit against defendants. The underlying facts reveal that in his lifetime decedent was employed by defendant Ford Motor Company, Inc. (hereinafter Ford), and he had vested pension and retirement rights and owned stock in that company.

On July 11, 1986, the attorney for Ruth Hynes, the alleged girlfriend of decedent, requested defendant E. F. Hutton Company, Inc. (hereinafter Hutton) to guarantee decedent's signature on certificates transferring decedent's Ford stock to Hynes. An operations supervisor for Hutton, relying on a representation of genuineness made by the attorney and on decedent's signature on a power of attorney that decedent in his lifetime had given to Hynes[1] and on other documents, guaranteed decedent's signature. Subsequently Ford transferred the stock to Hynes.[2]

The gravamen of plaintiff's complaint is that both defendants acted wrongfully in regard to the guarantee of dece-

1 Plaintiff, in an examination before trial, admitted that decedent's signature on the power of attorney was genuine.

2 It appears that plaintiff commenced a parallel action directly against Hynes to recover the stock certificates on behalf of herself and decedent's estate. In this parallel action, Supreme Court granted plaintiff's motion for summary judgment and awarded plaintiff ownership of the same stock certificates at issue here. Plaintiff concedes that the certificates are now in her name and possession and the hearing that was ordered to determine plaintiff's damages is pending.

dent's signature, and as a result plaintiff was deprived of the ownership of the stock. This claim is based on the contention that the signature guarantee by Hutton and Ford's reliance thereon were improper. Although plaintiff does not allege violations of specific provisions of the Uniform Commercial Code, the effect of a signature guarantee or endorsement is provided for in UCC 8-312. Under the most recent amendments of that section in 1982 (L 1982, ch 928, § 18), the warranties of a person guaranteeing a signature (which is the only claim made by plaintiff) are limited to those specified and do not include a general warranty of rightfulness (UCC 8-312 [4]). Furthermore, UCC 8-312 (8) limits the warranties made "to any person taking or dealing with the security in reliance on the guarantee". A guarantor is liable to such person for any loss resulting from the breach of warranties (UCC 8-312 [8]). Plaintiff here has not shown that she is a "person taking or dealing with the security in reliance on the guarantee" (UCC 8-312 [8]; *see, Lowes v Merrill Lynch, Pierce, Fenner & Smith,* 74 Misc 2d 875, 876) or that she has suffered any loss resulting from the breach of the warranties, inasmuch as she now admits on the oral argument of this appeal that the stock certificates are in her name and possession and that the value of the Ford stock has significantly appreciated during the time that plaintiff was deprived of its control and ownership. Plaintiff has not, therefore, demonstrated a cause of action under the provisions of the Uniform Commercial Code against either defendant *(see, Wood v Wood,* 312 F Supp 762).

As to her cause of action in negligence, plaintiff attempts to impose liability on Hutton for a violation of a duty of care it owed to decedent as owner of the stock. Having undertaken to guarantee decedent's signature, it follows that Hutton would be required to exercise due care in guaranteeing the genuineness of decedent's signature. For the same reasons, Ford would be required to exercise reasonable care in effecting the transfer of the stock to Hynes. This duty owed to decedent as owner, if indeed such a duty exists, would inure to plaintiff only in her representative capacity as executrix of his estate. However, in response to defendants' motions for summary judgment based on legal insufficiency, plaintiff has not shown how the duty of care was breached. She has failed to demonstrate any knowledge on the part of either defendant of any impropriety in the guarantee made by Hutton, or that Hutton or Ford knew or should have known that the guarantee and transfer were being made in violation of a restraining order extant in the pending matrimonial action. Furthermore, re-

gardless of the issue of liability, plaintiff has failed to allege or show that she sustained any damage, which is an integral part of any cause of action for negligence. The only damage alleged by plaintiff is the loss of the entire value of the Ford stock and, as has been previously shown, she now admits that the stock is in her name and possession, has appreciated in value and that a hearing is pending to determine her damages in the action against Hynes *(see, Farrar v Brooklyn Union Gas Co.,* 73 NY2d 802). Thus, even assuming the possible existence of a cause of action in favor of plaintiff against defendants based on negligence, it should have been dismissed as legally insufficient.

Although she further alleges a breach of contract, plaintiff has shown no breach of any agreement made with her by these defendants, nor has she shown any privity with anyone else on which she could recover for a breach of contract by defendants *(cf., Southern Ohio Bank v Merrill Lynch, Pierce, Fenner & Smith,* 479 F2d 478). Finally, plaintiff's causes of action in fraud and malice are likewise insufficient for they allege only bare conclusory statements in violation of CPLR 3016 (b) *(see, Gervasio v Di Napoli,* 126 AD2d 514).

The order of Supreme Court must, therefore, be reversed and defendants' motions for summary judgment dismissing the complaint granted.

Order reversed, on the law, without costs, motions granted and complaint dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.