◼ SALLY KLEIN et al., Respondents-Appellants, v EMPIRE BLUE CROSS AND BLUE SHIELD et al., Respondents, and METRO-POLITAN LIFE INSURANCE COMPANY, Appellant-Respondent.—

Crew III, J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered February 5, 1990 in Rockland County, which, *inter alia*, partially granted motions for summary judgment by plaintiffs and defendant Metropolitan Life Insurance Company on certain causes of action in the complaint.

In 1984, defendants Rockland County and Empire Blue Cross and Blue Shield (hereinafter Blue Cross) entered into a contract to provide hospital services and major medical coverage to County employees. Plaintiff Sally Klein (hereinafter Klein), a County employee, enrolled in the plan and listed Stuart Klein, her son, as an eligible student dependent. At that time, Stuart was a 21-year-old, unmarried dependent attending Queens College on a full-time basis. Thereafter, on January 22, 1985, Stuart was injured in a skiing accident which rendered him permanently and totally disabled. As a result, he was granted a leave of absence from college for the spring semester. He registered for one course in the fall semester which he took as a "homebound" student due to his continuing disability. He continued to take one course per semester thereafter. In March 1985, Klein, concerned with the impending medical expenses associated with Stuart's injury, wrote to the County Attorney seeking written confirmation concerning Stuart's health insurance coverage. In response, the County Attorney referred her to a March 14, 1985 letter from the County's Insurance Department which provided, in part, that "Blue Cross has not printed the Surgical Medical Plan and therefore, you are not in receipt of same. * * * You were advised that the Blue Cross Major Medical Plan mirrors the Statewide Plan under your union contract and that your son would be covered for hospital, doctor and medical bills subject to the * * * customary charges as well as the deductible."

On December 1, 1985 the County terminated the major medical portion of its agreement with Blue Cross and became self-insured. Thereafter, on January 1, 1987 the County enrolled in the State's health insurance plan (hereinafter the Empire Plan) as a participating agency and terminated all agreements with Blue Cross and its own self-insured major medical coverage effective December 31, 1986. Klein applied for membership in the Empire Plan which is insured by defendant Metropolitan Life Insurance Company (hereinafter Metropolitan), on November 10, 1986 and listed Stuart as an eligible dependent. In January 1987 Klein submitted claims to Metropolitan and Blue Cross for medical expenses incurred by Stuart from January 1 through January 16, 1987. These claims were denied by both Metropolitan and Blue Cross, and this action ensued.

In their first cause of action plaintiffs seek a declaration that Stuart continues to be an eligible dependent entitled to health insurance coverage until age 25 plus an additional 18 months thereafter. Additionally, plaintiffs seek a declaration that, upon termination of Stuart's group coverage, each defendant (Blue Cross, the County and Metropolitan) must offer him a conversion option for the same coverage on a direct pay basis. In their second cause of action plaintiffs allege negligence for wrongful denial of coverage by each defendant. In their third cause of action they allege breach of contract by Blue Cross for denial of coverage to Stuart, who was an intended beneficiary of the contract between Blue Cross and the County. In their fourth cause of action plaintiffs allege breach of contract by Metropolitan for denial of coverage to Stuart, who was an intended beneficiary of the contract between Metropolitan and the County. Their fifth cause of action alleges a breach of duty for denying coverage due Stuart, thereby causing extreme emotional distress. Their sixth cause of action alleges breach of contract by the County for failing to provide appropriate health insurance coverage to its employees, who were the intended beneficiaries of the collective bargaining agreement between the County and the Civil Service Employees Association (hereinafter CSEA). After issue was joined, plaintiffs moved for summary judgment while Metropolitan and the County cross-moved for summary judgment dismissing plaintiffs' complaint. Blue Cross, relying on the provisions of CPLR 3212 (b), did not file a motion. Supreme Court dismissed the first, second, third and sixth causes of action against Blue Cross and the County, dismissed the fifth cause of action against each defendant, granted

judgment to plaintiffs against Metropolitan on their first and fourth causes of action, and denied Metropolitan's cross motion to dismiss plaintiffs' second cause of action. This appeal ensued.

At the outset, it is clear that Supreme Court properly dismissed plaintiffs' fifth cause of action for emotional distress resulting from defendants' denial of coverage. It is well settled that in an action for breach of contract a plaintiff may not recover for mental or emotional distress *(Wehringer v Standard Sec. Life Ins. Co.,* 57 NY2d 757) since the contract of insurance does not create a relationship for which a duty is owed to the plaintiff separate from the contractual obligation *(Fiore v State Farm Fire & Cas. Co.,* 135 AD2d 602). Additionally, Supreme Court properly dismissed plaintiffs' claim for a conversion policy against Blue Cross. While the Blue Cross contract provided that a subscriber may convert to appropriate coverage where he no longer meets group eligibility requirements, the contract does not obligate the insurer to notify an insured of his right to do so. Assuming, without deciding, that Blue Cross was required to notify its insured of conversion privileges pursuant to Insurance Law § 3221 (e) (8) (A), it has been held that because that duty is statutory rather than contractual, no cause of action may be maintained for breach of contract *(see, Jakobsen v Wilfred Labs.,* 99 AD2d 525). Finally, Supreme Court properly dismissed plaintiffs' sixth cause of action. There is no evidence in the record that the County breached its agreement with CSEA. Assuming that a breach occurred, these plaintiffs would, nevertheless, have no claim against the County because of lack of privity *(see, Conroy v Ford Motor Co.,* 147 AD2d 885, 887; *Lupinski v Village of Ilion,* 59 AD2d 1050, 1051).

Plaintiffs contend that Stuart was a covered dependent under the Blue Cross policy as of December 1, 1985, when the County became a self-insurer as to major medical coverage, and was thus an eligible insured with the County. They further contend that, as a covered dependent with both Blue Cross and the County on December 31, 1986, Stuart was eligible to become a covered dependent under the policy issued by Metropolitan when it replaced Blue Cross and the County on January 1, 1987. Plaintiffs premise their argument on 11 NYCRR 52.70 (e) (1), which provides that: "No group policy replacing a plan of similar benefits of another insurer or self-insurer shall be written unless all persons of the same class insured under the prior plan are eligible without evidence of individual insurability or restrictions as to preexisting condi-

tions, except those contained in the policy from which transfer is made to the extent of the lesser of the prior coverage or the coverage provided under the replacing plan." Generally, the plain language used in a regulation should be construed in its natural and most obvious sense (see, *Matter of Cortland-Clinton v New York State Dept. of Health,* 59 AD2d 228, 231). The obvious public policy interest served by this regulation is to insure that all employees and their dependents covered by an employer's group health insurance plan will be entitled to continued coverage where their employer replaces such coverage with another insurer. Our inquiry, therefore, is whether Stuart was a covered dependent under the Blue Cross policy on and after December 1, 1985, thereby making him eligible for coverage under the County and Metropolitan plans.

The Blue Cross policy provided, *inter alia,* that "[a] Family Group includes the subscriber (an employee of the County) and the members of his family as shown on the election card". It further provided that "if any of the subscriber's unmarried dependent children are registered students in full-time attendance at an accredited * * * college their coverage will continue while they are unmarried dependent students until they become 25 years of age. Such coverage will continue during vacation periods or periods between semesters." The pivotal question is whether Stuart was a "registered student in full-time attendance" at Queens College following his accident of January 22, 1985. In the absence of ambiguity, it is the responsibility of this court to accord the words of the contract their fair and reasonable meaning (see, *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555). A reasonable meaning of the phrase "in full-time attendance at * * * college" contemplates the student being at college attending classes. The sentence of the policy which provides that "coverage will continue during vacation periods or periods between semesters" makes this abundantly clear. That exception to the qualifier "in full-time attendance" was obviously included in recognition that a student would not be in full-time attendance during vacation periods or between semesters.

It is clear that Stuart was not "in full-time attendance" at Queens College following his accident. This court finds, therefore, as a matter of law, that Stuart was not an eligible student dependent under the County's agreement with Blue Cross following his injury. Because Blue Cross continued to pay for Stuart's medical expenses through December 31, 1986, Supreme Court mistakenly ruled that he was a covered dependent eligible for inclusion in the Empire Plan. The Blue Cross

contract provided, in pertinent part, as follows: "In the event of termination of * * * coverage of a covered member, we will not provide any benefits for covered services provided after the date of termination with one exception. If the covered member is totally disabled at the time of termination, we will provide the benefits of this contract for expenses related to the injury * * * which caused the total disability as long as he remains totally disabled up to but not beyond December 31 of the calendar year following the year which the coverage terminated." When Stuart ceased to be a student in full-time attendance at Queens College, he was no longer a covered dependent under the terms of the Blue Cross policy. By the terms of that policy he was then entitled to receive benefits for expenses related to his injury up to but not beyond December 31, 1986 and he was so entitled because he was no longer a covered dependent.

Plaintiffs urge, nevertheless, that Stuart was and is entitled to coverage under the County and Metropolitan plans because he was a "full-time" student as of December 1, 1985 and December 31, 1986 and each of those plans extended coverage to a subscriber's dependent who was a "full-time" student. Plaintiffs contend that Stuart must be considered a "full-time" student since he was and continues to be registered for one course per semester which constitutes the maximum number of classes which his disability permits. They reason that because he spends the greater portion of his available time studying that one course he is, therefore, spending his "full time" as a student. Metropolitan contends that Stuart was not and is not a full-time student and points to the Queens College student catalogue for 1985-1986, which provides that *"[f]ull-time students* are students who register for 12 or more credits or * * * billable credits" (emphasis in original). Neither of the plans define what is meant by "full-time student".

It is for the court to determine, in the first instance, whether language in a contract is ambiguous and susceptible of two or more reasonable interpretations. If it is found to be ambiguous, then extrinsic evidence is admissible to resolve the ambiguity *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169). However, where, as here, tendered extrinsic evidence is conclusory and cannot resolve the equivocality of the language of the contract, the issue remains a question of law for the court *(supra).* We conclude that interpretation of the questioned provision in the circumstances of this case is an issue to be decided by this court *(see, supra).* It is understandable that one's disability may restrict the number of courses

that can be taken at a specified time and require significantly more time to complete a course of studies than under normal circumstances. However, it would be unreasonable to conclude that these insurers intended to extend their coverage to all totally disabled individuals as "full-time" students who register for one course at a college. When the defendants imposed a "full-time student" restriction in their contracts, they clearly sought to limit their exposure. It is unnecessary in the context of this case to define precisely the meaning of full-time student. It suffices to hold that, as a matter of law, registration for one course is insufficient to satisfy the policy requirement.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment against defendant Metropolitan Life Insurance Company and denied Metropolitan's motion for summary judgment dismissing the complaint against it; plaintiffs' motion for summary judgment against Metropolitan denied, Metropolitan's cross motion for summary judgment granted and the complaint and the cross claims of defendant Rockland County against it are dismissed; and, as so modified, affirmed. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.