■ MICHAEL TUCCIARONE, as Subrogee of HELEN HAWKINS, et al., Appellants, v PROGRESSIVE INSURANCE COMPANY et al., Respondents. [612 NYS2d 461] —White J. Appeals from 10 orders of the Supreme Court (Lynch, J.), entered January 7, 1993, January 14, 1993, January 15, 1993, January 20, 1993, January 21, 1993, January 22, 1993 and January 26, 1993 in Schenectady County, which, *inter alia,* granted defendants' motions for summary judgment dismissing the complaint.

As a means of containing the cost of "no-fault" automobile liability insurance, the Legislature provided for the establishment of schedules of maximum permissible charges for medical, hospital and other professional health services payable under no-fault insurance benefits *(see,* Insurance Law § 5108; 11 NYCRR 68.0 [a]). The Superintendent of Insurance implemented this policy by adopting the fee schedules for medical, chiropractic and podiatric services that had been prepared and established by the Chair of the Workers' Compensation Board *(see,* 11 NYCRR 68.1 [b]). In the event a health service is performed that is not included in these fee schedules, the

permissible charge for such service is the prevailing fee in the geographic location of the provider *(see,* 11 NYCRR 68.6 [b]).

Plaintiffs, who are chiropractors,* commenced this breach of contract action claiming that, while defendants paid them the scheduled fees for services they rendered to injured persons who were entitled to no-fault benefits, they are entitled to a larger fee. Following the exchange of pleadings, 10 defendants moved for summary judgment, which Supreme Court granted. These appeals by plaintiffs followed.

The essence of plaintiffs' argument is that, while the fee schedule for chiropractors provides a flat fee for office and home visits, it does not include fees for other treatments, such as diathermy, ultrasound and traction, which they render during the course of a home or office visit. Thus, plaintiffs maintain that, in addition to paying them the scheduled fee for home or office visits, defendants should also pay them the prevailing fee for these nonscheduled discrete treatments.

We disagree and, therefore, affirm. Plaintiffs overlook the fact that the chiropractic fee schedule specifically provides that "[f]ees for [home and office visits] include *any and all* chiropractic treatment and modalities" (11 NYCRR Appendix 17-A, Part C (2) (e) [emphasis supplied]). Inasmuch as this unambiguous language must be construed in its natural and most obvious sense *(see, Klein v Empire Blue Cross & Blue Shield,* 173 AD2d 1006, *lv denied* 78 NY2d 863), its broad sweep clearly encompasses treatments provided in the course of a home or office visit. Moreover, plaintiffs' argument is not in harmony with the purpose of Insurance Law § 5108 and the implementing regulations. Therefore, Supreme Court properly found that plaintiffs were entitled to payment only under the fee schedules.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* The subrogors are patients of plaintiffs to whom plaintiffs provided chiropractic services for injuries that the subrogors sustained in automobile accidents.