OPINION OF THE COURT
George R. Peck, J.
Relief Requested
Before this court there are four motions: (1) defendant Torres is moving for summary judgment dismissing the plaintiffs cause of action for lost tax advantage; (2) defendants Taylor and Ryder Truck Rental, Inc. are cross-moving to dismiss plaintiffs claim for lost tax advantage; (3) the plaintiff is cross-moving for an order granting summary judgment as to liability on the estate’s claim for lost tax advantage; and (4) defendants Taylor and Ryder Truck Rental, Inc. are moving for an order consolidating the action bearing index number 003653/99 with the action bearing index number 6425/01 for the purposes of joint discovery and trial since both actions involve the same accident.
Procedural Background
The basis of the within wrongful death action is a car accident which occurred on April 16, 1998, in which Domenica Del Broccolo was killed. At the time Mrs. Del Broccolo was a passenger in her own car which was driven by the defendant Ronette A. Torres. The defendant James T. Taylor was the driver of the second car. He was driving a rental vehicle from the defendant Ryder Truck Rental, Inc.
In its complaint, the plaintiff sets forth three causes of action: (1) conscious pain and suffering; (2) funeral expenses; and (3) pecuniary loss (comprising in part the plaintiff s alleged lost tax advantage, due to her untimely death). It was uncontroverted that the plaintiff did have in place an estate tax plan for the purpose of limiting the taxes that would be owed upon her death.
The pecuniary loss suffered can be broken down into three components: (1) lifetime gifts program; (2) qualified personal residence trust; and (3) income in respect of a decedent (hereinafter or more commonly referred to as IRD).
Applicable Law
On a motion for summary judgment, the movant must establish his or her cause of action or defense sufficient to warrant a court directing judgment in its favor as a matter of law. (See *512 Frank Corp. v Federal Ins. Co., 70 NY2d 966 [1988]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Rebecchi v Whitmore, 172 AD2d 600 [2d Dept 1991].) “The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact” (Frank Corp. v Federal Ins. Co., supra at 967; GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965 [1985]; Rebecchi v Whitmore, supra at 601).
Further, to grant summary judgment, it must clearly appear that no material triable issue of fact is presented. The burden on the court deciding this type of motion is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist. (See Barr v County of Albany, 50 NY2d 247 [1980]; Daliendo v Johnson, 147 AD2d 312, 317 [2d Dept 1989].)
As a general rule, damages in a wrongful death action are strictly limited to “fair and just compensation for the pecuniary injuries resulting from the decedent’s death” (EPTL 5-4.3 [a]).
“EPTL 5-4.3 Amount of recovery
“(a) The damages awarded to the plaintiff may be such sum as the jury or, where issues of fact are tried without a jury, the court or referee deems to be fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought. In every such action, in addition to any other lawful element of recoverable damages, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death and the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee.is responsible, shall also be proper elements of damage. Interest upon the principal sum recovered by the plaintiff from the date of the decedent’s death shall be added to and be a part of the total sum awarded.”
Discussion
In analyzing the case law as it pertains to the present action, our state’s highest court, as a matter of policy, has established the rule that the future tax consequences of a decedent occurring as a result of a defendant’s tortious actions should not be the subject of damages considered by the trier of fact. (Farrar v Brooklyn Union Gas Co., 73 NY2d 802 [1988]; Johnson v *513 Manhattan & Bronx Surface Tr. Operating Auth., 71 NY2d 198 [1988].)
The defendants, in support of their positions that the plaintiff is barred from recovering for loss of a future tax advantage, rely primarily on two cases: Farrar v Brooklyn Union Gas (supra) and Johnson v Manhattan & Bronx Surface Tr. Operating Auth. (supra).
In Farrar, recovery for future fixed tax credits was denied on the grounds that factors such as the amount of the assets of the estate, tax status of the decedent, and the tax laws all must stay constant for recovery not to be speculative. The Court of Appeals held in Farrar that, because such factors are subject to change, recovery was not compensable for such a prospective loss.
Nonetheless, regarding the qualified personal residence trust, to this court’s satisfaction, the reasoning of the Court of Appeals in the above two-noted decisions is not present as it relates to the qualified personal residence trust in the specific facts present in this case.
It is uncontroverted that the plaintiff did place her residence in a qualified personal residence trust (hereinafter QPRT) on or about February of 1994. The duration of the trust was to be five years and that plaintiff did die eight months before the term of the trust was to end.
A QPRT is an estate planning device where the settlor/ transferor places his residence in an irrevocable trust for a set time period, as in the present action, for five years, and after that time period has lapsed, the res of the trust reverts to the beneficiaries of the trust. The settlor of the trust may rent the property from the beneficiaries of the trust after the trust has terminated.
The purpose of establishing the QPRT is to lock in place the present day value (date of the transfer) of the transferor’s residence for gift tax purposes, less the value of the grantor’s right to occupy the residence during the agreed upon term that the trust will last. Hence, any appreciation in value of the premises will pass to the beneficiaries free of any estate or gift taxes.
The negative consequence to a QPRT is in the event that the grantor of the trust does not survive the term of the trust, the entire value of the residence will be included in the grantor’s estate.
It is clear to this court that, based upon the QPRT having been established, and was to end approximately eight months *514 after the unfortunate end of the plaintiffs life, recovery for the loss of the tax advantage, as it relates to the QPRT, is not speculative or subject to change, and it would be proper for a trier of fact to assess whether damages lie, based on plaintiffs estate owing more taxes then it would have had the QPRT been completed.
Consequently this court finds, but for the actions of the defendants, the plaintiffs estate would have been reduced by that portion of the grantor’s residence that would have been excluded based upon the QPRT being completed.
As to the plaintiffs cross motion which seeks summary judgment on this matter, the court hereby determines that portion of the plaintiffs cross motion is not ripe, as liability as to the death of the plaintiff has not been established.
On the remaining two theories for which the plaintiff seeks recovery, “lifetime gift program” and “income in respect to a decedent,” the court grants the defendants’ motion to dismiss. As opposed to the QPRT, any recovery under the lifetime gift program and IRD would be speculative and thus not compensable under a wrongful death action.
The remainder of the plaintiffs motion is hereby denied in its entirety.
The motion for an order to consolidate this action with a subsequent action started in the County of Queens for the purposes of discovery and joint trial is hereby granted, there being no opposition.